# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON WILLIAMS, #40727-424, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) Case No. 19-cv-00924-NJR |
| B. TRUE, | ) ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Aaron Williams, an inmate in the United States Penitentiary located in Marion, Illinois ("USP-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Williams is currently serving a 262-month sentence for conspiracy to distribute and possess with intent to distribute heroin. *See United States v. Williams*, No. 08-cr-00566-CDP-1 (E.D. Mo. 2008). He claims that the Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016), precludes the use of a prior Illinois controlled substance conviction to enhance his sentence for the drug trafficking conviction under 21 U.S.C. § 841(b)(1)(A). (*Id.* at pp. 1-8). Williams seeks resentencing without the enhancement. (*Id.* at p. 8).

This matter is now before the Court for preliminary review of the Section 2241 Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

1

## BACKGROUND

Following a jury trial on May 6, 2009, Williams was found guilty of conspiracy to possess with intent to distribute heroin in excess of one kilogram, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See United States v. Williams*, No. 08-cr-00566-CDP-1 (E.D. Mo. 2008) ("criminal case") (Doc. 142). The United States District Court for the Eastern District of Missouri sentenced Williams to 262 months of imprisonment, 10 years of supervised release, and ordered a $1 million forfeiture on August 25, 2009. (Doc. 184, criminal case). This included application of a mandatory minimum sentence of twenty years' imprisonment under 21 U.S.C. § 841(b)(1)(A) based on Williams's prior felony drug conviction under the Illinois Controlled Substances Act, 720 ILCS 570/401, in Cook County Case No. 90-CR-1615501. (Docs. 129 and 184, criminal case). The district court calculated the Guidelines range at 360 months to life and applied a downward adjustment to arrive at the 262-month sentence. On direct appeal, Williams challenged application of the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), among other things. (Doc. 186, criminal case). The Eighth Circuit Court of Appeals affirmed his sentence on August 5, 2010. *United States v. Williams*, 616 F.3d 760 (8th Cir. 2010) (Doc. 207, criminal case). The Supreme Court denied certiorari review, and Williams did not bring a collateral attack on his sentence or conviction. (Doc. 1, p. 4).

## HABEAS PETITION

In the Section 2241 Petition, Williams claims that he should be resentenced. (Doc. 1). Relying on *Mathis*, he argues that his prior Illinois controlled substance conviction no longer qualifies as a "felony drug offense," within the meaning of 21 U.S.C. § 802(44), or warrants an enhanced sentence under 21 U.S.C. § 841(b)(1)(A). (*Id*. at p. 5). His prior conviction under 720 ILCS 570/401 allegedly covers a broader category of offenses than those covered under

21 U.S.C. § 802(44). (*Id.* at pp. 6-7). With that said, Williams offers no information about his underlying conviction. (*Id.*).

## DISCUSSION

Generally, a federally convicted person must attack his conviction or sentence by filing a motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). This is normally the exclusive means for a federal prisoner to bring a collateral attack. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). But when the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention," a prisoner is not without recourse. Under some circumstances, he may challenge his federal conviction or sentence pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2255(e); *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). For this reason, Section 2255(e) is known as the "savings clause." Section 2255 is considered inadequate or ineffective when three requirements are met: (1) the prisoner relies on a statutory-interpretation case; (2) the prisoner relies on a decision that is retroactive on collateral review and could not have been invoked in his first Section 2255 motion; and (3) the complained-of error was grave enough to constitute a miscarriage of justice. *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016).

Although Williams cites *Mathis* and not *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), he advances arguments under both. And because it is not plainly apparent that the Section 2241 Petition should be dismissed at screening given the developing law and incomplete record of his underlying conviction pursuant to 720 ILCS 570/401, the Court finds that a response is necessary to more fully evaluate his claims.

## DISPOSITION

**IT IS HEREBY ORDERED** that Respondent True shall answer or otherwise plead **on or**

**before November 27, 2019**.[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Williams is **ADVISED** of his continuing obligation to keep the Clerk of Court (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 30, 2019**

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.