IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AARON WILLIAMS,

       Petitioner,

v.                                                                          Case No. 19-CV-924-NJR

DAN SPROUL,

       Respondent.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Aaron Williams (Doc. 1). Williams, a former inmate at the United States Penitentiary at Marion, within the Southern District of Illinois, argues that his sentence should be reduced in light of *Mathis v. United States*, 579 U.S. 500 (2016).[1] For the following reasons, the petition is denied.

### BACKGROUND

On September 24, 2008, a grand jury in the Eastern District of Missouri returned a two-count indictment charging Williams with conspiracy to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) & 846 (Count I), and criminal forfeiture under 21 U.S.C. § 853 (Count II). *United States v. Williams*, Case No. 4:08-cr-00566-CDP (E.D. Mo.), Doc. 1. Shortly before trial, the government filed a criminal information

---

[1] Williams has since been transferred to a Residential Reentry Center in Chicago, with a release date of April 2, 2027. *See* https://www.bop.gov/inmateloc (last visited Sept. 29, 2023). His transfer does not affect this Court's jurisdiction because jurisdiction over a habeas corpus petition is determined when the petition is filed. *Gamboa v. Daniels*, 26 F.4th 410, 414 (7th Cir. 2022); *see also Sanders v. M. Joseph*, 72 F.4th 822, 823 n.1 (7th Cir. 2023) (change in custodian does not affect habeas jurisdiction).

stating that Williams was subject to a sentencing enhancement under 21 U.S.C. § 841(b)(1)(A) based on a prior conviction for possession of a controlled substance under Illinois law. (Doc. 21-1); *see* 21 U.S.C. § 851(a) (notice requirements for using prior convictions to enhance sentences). This prior conviction, which occurred in 1990, meant that Williams was subject to a 20-year mandatory minimum term of imprisonment if convicted. On May 6, 2009, a jury found Williams guilty of conspiracy to distribute and possess with the intent to distribute heroin. *United States v. Williams*, Case No. 4:08-cr-00566-CDP (E.D. Mo.), Doc. 137.

In its presentence investigation report, U.S. Probation found that Williams was "responsible for supplying large quantities of heroin" to the St. Louis, Missouri, area. (Doc. 23). Based on his total offense level of 42 and his criminal history category of I, Williams' guideline sentencing range was 30 years to life in prison. *Id*. The United States District Court for the Eastern District of Missouri (Perry, J.) adopted the presentence investigation report as its findings of fact and sentenced Williams to 262 months in prison and 10 years of supervised release. (Doc. 21-3).

Williams appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit. On appeal, he advanced two core arguments: (1) that the district court improperly denied a motion to suppress evidence, and (2) that the district court incorrectly applied a sentencing enhancement under Section 841 because there was no "finality" to his 1990 Illinois conviction. *United States v. Williams*, 616 F.3d 760, 764 (8th Cir. 2010). The Eighth Circuit rejected both arguments and affirmed the conviction and sentence. *Id*. at 766-67.

On February 10, 2012, Williams filed a motion to vacate, set aside, or correct his

sentence under 28 U.S.C. § 2255 in the Eastern District of Missouri.[2] *Williams v. United States*, Case No. 4:12CV252 CDP (E.D. Mo.), Doc. 1. In his Section 2255 motion, Williams argued that (1) his trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984); (2) his prior Illinois conviction could not serve as a sentence enhancer under Section 841 based on recent Supreme Court decisions; and (3) certain expert testimony at trial violated his right to confrontation under the Sixth Amendment. *Id.*, Doc. 10. On December 9, 2013, the court issued a written decision denying Williams' Section 2255 motion without an evidentiary hearing. *Id.*, Doc. 41.

Two and a half years after Williams' Section 2255 motion was denied, the Supreme Court decided *Mathis v. United States*, 579 U.S. 500 (2016). In *Mathis*, the Court resolved a circuit split that had emerged regarding the proper use of what is known as the "categorical approach" to evaluating prior state law convictions as a basis for federal sentencing enhancements. *Id.* at 508-09. Under the categorical approach, the district court "focus[es] solely on whether the elements of the crime of conviction sufficiently match the elements of [the] generic [crime], while ignoring the particular facts of the case." *Id.* at 504. For a state law conviction to qualify as a basis for a sentence enhancement, the crime of conviction must be "the same as, or narrower than, the relevant generic offense."[3] *Id.* at 519. Based on this analytical framework, the Court held that an Iowa burglary statute covered "a greater swath of conduct than the elements of the relevant ACCA offense (generic burglary)" and therefore could not serve as a basis for an enhanced sentence because "its elements are broader than

---

[2] After retaining counsel, Williams filed an amended motion under 28 U.S.C. § 2255 on April 30, 2012.

[3] *Mathis* applied the categorical approach to a sentence enhancement under 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA). Although Williams' sentence was enhanced pursuant to a different federal recidivism statute, *Mathis* applies with equal force to such enhancements. *United States v. Elder*, 900 F.3d 491, 497 (7th Cir. 2018).

those of a listed generic offense." *Id.* at 509.

Turning back to Williams. He was convicted of conspiracy to distribute and possess with the intent to distribute heroin under 21 U.S.C. §§ 841(a)(1) & 846. At the time of his sentencing, Section 841(b)(1)(A) stated in relevant part: "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(A) (2009). Williams claims that *Mathis* invalidates his sentence because the Illinois statute under which he was convicted in 1990, and which served as the basis for his sentence enhancement, was not a qualifying "felony drug offense" under the categorical approach. (Doc. 1); *see* 720 ILCS 570/402 (formerly codified as IL ST CH 56 1/2 ¶ 1402). This is so, Williams argues, because the Illinois statute covers substances that are *not* covered under the federal recidivism statute's definition of a prior "felony drug offense," thereby rendering it categorically broader. *See* 21 U.S.C. § 802(44) (defining "felony drug offense"); *United States v. Elder*, 900 F.3d 491, 501-02 (7th Cir. 2018) (Arizona drug statute was categorically broader than generic "felony drug offense"). Consequently, so the argument goes, Williams' prior Illinois conviction cannot serve as a basis for the enhanced sentence he received.

Unfortunately for Williams, the Supreme Court's recent decision in *Jones v. Hendrix*, 599 U.S. 465 (2023), makes it clear that this Court does not have jurisdiction to entertain this claim. *Hogsett v. Lillard*, 72 F.4th 819, 822 (7th Cir. 2023). The following discussion explains why.

### DISCUSSION

"To collaterally attack a conviction or sentence, a federal prisoner files a motion to

vacate under 28 U.S.C. § 2255, not a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241." *Hogsett*, 72 F.4th at 820. The procedural history of Williams' case presents a problem for him because he previously filed a Section 2255 motion in the Eastern District of Missouri. Having done so, Section 2255(h) bars him from filing a second or successive motion, unless that second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Williams' *Mathis* claim is a claim of statutory interpretation; it satisfies neither of Section 2255(h)'s requirements that a second or successive motion be based on "newly discovered evidence" of innocence or a "new rule of constitutional law." 28 U.S.C. § 2255(h); *Horton v. Lovett*, 72 F.4th 825, 826 (7th Cir. 2023). Accordingly, Williams could not pursue the relief he seeks in a motion under 28 U.S.C. § 2255. *See Hogsett*, 72 F.4th at 821 ("intervening Supreme Court statutory interpretation decisions are outside the ambit of § 2255(h)") (quoting *Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022)) (cleaned up).

Against this backdrop, Williams filed the instant petition under 28 U.S.C. § 2241. Until recently, the Section 2241 remedy was theoretically available to a petitioner in Williams' position under 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*. 28 U.S.C. § 2255(e) (emphasis added).

Under what became known as Section 2255(e)'s "saving clause" (the italicized portion above), the Seventh Circuit permitted federal inmates to seek collateral relief in certain circumstances, even if their claims did not qualify for a second or successive motion under Section 2255(h). *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). This avenue was available if the petitioner satisfied the following threshold requirements:

> (1) the claim relies on a statutory interpretation case, not a constitutional case and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice. *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019) (explaining *Davenport* framework).

Specifically, *Davenport* held that Section 2255 is "inadequate or ineffective"—and Section 2241 relief was therefore available—"when the limits on successive § 2255 motions bar relief and the prisoner's claim is based on a new interpretation of a criminal statute that was previously foreclosed by circuit precedent." *Horton*, 72 F.4th at 827. Although his briefing does not specifically address this procedural issue in detail, Williams' pending Section 2241 petition purports to raise a *Davenport* claim. *See* (Doc. 1) (describing *Mathis* as a "case of statutory interpretation" and noting that the claimed sentencing error was "fundamental").

Unfortunately for Williams, the *Davenport* path to relief is closed for him as well. The Supreme Court's recent decision in *Jones v. Hendrix* abrogated *Davenport*'s interpretation of the saving clause. 599 U.S. at 477. The Court held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the Antiterrorism and Effective Death Penalty Act]'s restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones*, 599 U.S. at 471. Indeed, the Court explained that:

> Section 2255(h) specifies the two limited conditions in which Congress has
> permitted federal prisoners to bring second or successive collateral attacks on
> their sentences. The inability of a prisoner with a statutory claim to satisfy
> those conditions does not mean that he can bring his claim in a habeas petition
> under the saving clause. It means that he cannot bring it at all. Congress has
> chosen finality over error correction in his case. *Id*. at 480.

Because Section 2255(h) provides the only two conditions under which a federal inmate may

pursue a second or successive collateral attack on his conviction or sentence (newly

discovered evidence or a new rule of constitutional law), the Court reasoned that Congress

did not intend to authorize successive collateral attacks under Section 2241 based on

more favorable interpretations of *statutory* law. *Id*. at 479. Moreover, the saving clause

only covers "unusual circumstances in which it is impossible or impracticable for a prisoner

to seek relief from the sentencing court" under Section 2255. *Id*. at 474.

*Jones* is on all fours with this case, and the Court finds that it bars Williams from testing

the validity of his sentence under *Mathis*. The harshness of this result is not lost on the Court,

particularly in light of the Seventh Circuit's apparent recognition that *Mathis* applies

retroactively to cases on collateral review. *See Holt v. United States,* 843 F.3d 720, 722 (7th Cir.

2016) ("substantive decisions such as *Mathis* presumptively apply retroactively on collateral

review"); *Chazen v. Marske*, 938 F.3d 851, 864 n.2 (7th Cir. 2019) (Barrett, J., concurring)

("Statutory interpretations that narrow the range of conduct made criminal are always

substantive and therefore retroactive. Because of that rule, a Supreme Court decision

narrowing a criminal statute applies retroactively even if the Supreme Court doesn't

expressly say so"). The appropriate vehicle for Williams to raise a *Mathis*-type argument to

collaterally attack his sentence was his Section 2255 petition in 2012 (even though *Mathis* had

not yet been decided at that time).

CONCLUSION

For these reasons, the petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Aaron Williams (Doc. 1) is **DENIED**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly. A copy of the Order and Judgment shall be mailed to:

Aaron Williams
#40727-424
RRM Chicago
1901 Butterfield Road, Suite 130
Downers Grove, IL  60515

**IT IS SO ORDERED.**

**DATED:   September 30, 2023**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**